IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DAVIS, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 8342 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| and DR. COHON, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Paul Davis is in federal custody at the Kane County Jail in St. Charles, Illinois. In November 2013, he filed this lawsuit, alleging that staff at the Metropolitan Correctional Center, where Davis was housed for several months in 2013, were deliberately indifferent to a serious medical need—a broken bone in his finger, the result of a March 2013 injury.

The United States has moved for summary judgment. The government argues that Plaintiff's claim is for negligence only. Such a claim is cognizable only as a tort claim, the government contends, but is not ripe because Davis has not exhausted administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a). Davis's claim against a doctor who treated him at the MCC must be dismissed for the same reason, the government argues. If the court were to construe the complaint as one for deliberate indifference, arising under 42 U.S.C. § 1983, the United States asserts, then the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), is triggered. But Davis did not fulfill that requirement, either, according to the government.

Plaintiff's response focuses chiefly on the PLRA exhaustion argument. He acknowledges that PLRA requires exhaustion of administrative remedies, but argues that those remedies were unavailable to Plaintiff in this case because he was transferred from the MCC to Kane County Jail, where his requests for assistance in filing a claim were ignored.

**FACTUAL BACKGROUND**

Plaintiff was injured in March 2013 when his right hand was slammed in a door at the MCC. (Declaration of Paul Davis [36-2], at 4.) He asked for treatment, but a nurse told him the finger was not broken. (*Id.* ¶ 5.) Three weeks later, when an x-ray revealed the fracture, medical staff failed to provide him with a cast or splint. (*Id.*) In June 2013, when Plaintiff was seen by an orthopedic physician, the doctor told him the finger was "deformed" and would need corrective surgery. (*Id.* ¶ 6.)

Plaintiff spoke to the MCC warden, who told him to file a tort claim. (*Id.* ¶ 7.) On July 1, 2013, his MCC floor counselor told him that before he could file a lawsuit relating to the medical treatment, he was required to submit a Bureau of Prisons "Informal Resolution Form." (*Id.* ¶ 8.) The counselor gave Plaintiff the form, and initialed it, noting the date of 7/1/13. (*Id.*) She also directed Plaintiff to gather the names of the medical staff he had had contact with, and return it to her as soon as possible. (*Id.*)

Just two days later, before Plaintiff had been able to complete the form, he was transferred without notice to the Kane County Jail. (*Id.* ¶ 10.) Kane County Jail denied him access to his legal papers, including the Informal Resolution Form, until September 2014. (*Id.* ¶ 11.) In the meantime, Plaintiff made reasonable efforts to pursue his original grievance. He first filed a grievance on July 17 with Kane County Jail staff, explaining, among other things, that he had been unable to "get the right doctors and nurses names for the [MCC grievance form]" and asking "So what do I need to do to finish filing my claim with the MCC from here [?]" (*Id.* ¶ 12; Request Report, Exhibit C to Davis Declaration [36-2], page 6.) Kane County officials responded by saying, "Your issue with MCC is between you and them." (Request Report [36-2], page 7.) Plaintiff filed this lawsuit in November 2013, and his subsequent efforts are ineffective to satisfy the exhaustion requirement, *see Perez v. Wisc. Dept. of* Corrections, 182 F.3d 532, 534-35 (7th Cir. 1999), but the court notes that without any prompting from the court, Plaintiff

filed a second grievance at Kane County on May 21, 2014, again asking "How can I get . . . cliam [sic]forms for an inncident [sic] that happen at the MCC Federal Jail Can you please give me the way to complete the prossess [sic] from here." (Davis Declaration ¶ 14; Request Report, Exhibit D to Davis Declaration [36-2] page 8.) Kane County officials responded to this request by directing Plaintiff to "talk to your lawyer about this." (*Id.*) The form was not returned to Plaintiff until after a telephone status conference with the court on September 22, 2014, in which the court concluded that Plaintiff was unable to proceed effectively on his own and recruited counsel to represent him. (Davis Declaration ¶ 15.)

The PLRA imposes a requirement that, before filing a lawsuit challenging prison conditions under 1983, a prisoner must exhaust "such administrative remedies as are available . . . ." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner believes that exhaustion is futile, *Booth v. Churner*, 532 U.S. 731 (2001). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006, citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.2002); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004). As the Seventh Circuit explained in *Dale,* failure to exhaust is an affirmative defense, on which the defendant bears the burden of proof. 376 F.3d at 655. The *Dale* court explained, further, that

> [i]f prison employees refuse to provide inmates with those forms when requested, it is difficult to understand how the inmate has any available remedies. Just as prison employees cannot exploit the exhaustion requirement by not responding to grievances, *see Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), they should not be rewarded for preventing an inmate access to an administrative remedy, *see Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that district court erred in failing to consider prisoner's claim that he was unable to submit a grievance, and therefore lacked available administrative remedies, because prison employees refused to provide him with the necessary forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ('[A] remedy that prison officials prevent a prisoner from "utiliz[ing]" is not an "available" remedy under § 1997e(a).' The defendants in this case have yet to give any reason why Dale was

> refused the forms he requested, or to explain how he could use the administrative grievance system without the forms mandated for that purpose.

*Id.* at 656. Plaintiff Davis makes a similar claim here: he was transferred from the MCC before he had a chance to complete the form as directed by his counselor. Staff at Kane County refused to retrieve the form for him or otherwise assist him in completing the exhaustion process. In its reply memorandum, the United States notes that Defendants have submitted affidavits that contradict Davis's factual assertions. (Reply Memorandum [42], at 3.) On summary judgment, however, the court resolves disputes in favor of the non-moving party. The evidence Davis has offered amply defeats the government's contention that Davis "chose to sidestep the administrative remedy procedure altogether." (*Id.*) At a minimum, his evidence creates a dispute of fact on issue of exhaustion, an issue on which the United States bears the burden of proof.

The government has also argued that Plaintiff's allegations are sufficient only to state a claim of negligence. A negligence claim against the government must be brought under the Federal Tort Claims Act, which includes its own administrative exhaustion requirement. Plaintiff's failure to file an FTCA administrative claim is an independent reason this court should dismiss the case, according to the government.

In its initial review of the complaint, the court concluded it adequately states a claim of deliberate indifference on the part of the doctor who treated Plaintiff. The court stands by this analysis and therefore declines to dismiss the case on this basis. The court cautions, however, that should the evidence establish mere negligence, Plaintiff's failure to proceed under the FTCA administrative rubric may preclude any recovery.

The government's motion to dismiss or for summary judgment [15] is denied.

Dated: March 30, 2015

_____
REBECCA R. PALLMEYER
United States District Judge

4